[Civ. No. 14184.   First Dist., Div Two.   July 13, 1950.]

META STILLER, Respondent, v. FLORENCE GESKE et al., Appellants.

Fabian D. Brown and Harold Furst for Appellants.

Hallinan, MacInnis & Zamloch and Ralph Wertheimer for Respondent.

NOURSE, P. J.—Plaintiff sued in damages for the conversion of the furniture and furnishings in a hotel located at 403 First Street, in San Francisco.   The cause was tried

to a jury and a verdict of $5,000 returned for general damages. Punitive damages were denied.

■ There is no material controversy as to the facts upon which the judgment rests; the chief attack by the appellants is that there is no evidence at all of the value of the property and hence no evidence to sustain the verdict, since the verdict was obviously based on that value. With this contention we must agree.

Appellants were the owners of the leasehold interest in the hotel, the good will, and all the furniture used in its operation. On July 15, 1946, they sold to respondent for the sum of $4,500 ''all of the furniture, furnishings, leasehold interest and good will of the certain hotel business.''

Respondent paid part of the purchase price and, at the time of the ouster, owed $1,507.71. At the same time she reimbursed appellants in the sum of $250 which was the amount paid by appellants to the landlord as security for payment of rent under the lease.

■ The trial court instructed the jury on two occasions that the furniture alone was purchased by plaintiff for $4,750. The instructions read: ''. . . and this furniture, which you know was bought the year previously for $4,750, on the whole transaction, there was $1,507.71 that was due.'' ''. . . and again I say there is only $1,507.71 due on this furniture which originally cost $4,750.'' This was double error. There was no evidence of the purchase price of the furniture alone. Even if the $4,500 paid for the entire interest could be treated as evidence of that value the second error was the inclusion in the purchase price of the sum of $250 which was a return of the deposit which appellants had paid the landlord as security for the lease. The respondent took possession of the premises on July 15, 1946, and operated the hotel until February 20, 1947, under a new lease. She failed to make the profit which she had expected and offered evidence in her own case that her failure was due largely to a continued state of intoxication.

■ But on this appeal she argues that she was so intoxicated at the time of the original sale that appellants took an unfair advantage of her, and there is an intimation that fraudulent representations as to the income and profits from the operation of the hotel induced her to make the purchase.

This was something she did not sue for. She alleged that the furniture alone was valued at $5,000 and put her case on that ground without any proof of value.

Here the trial court properly instructed the jury that damages for the conversion were to be based primarily on the value of the furniture at the time of the conversion and then arbitrarily determined that value by an erroneous calculation and without competent proof.

Judgment reversed.

Dooling, J., concurred.

A petition for a rehearing was denied August 12, 1950, and respondent's petition for a hearing by the Supreme Court was denied September 7, 1950. Carter, J., voted for a hearing.